IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

JASON D. LEE, )
)
    Plaintiff. )
) Case No. 1:10-0071
v. ) Judge Brown
)
CITY OF CORNERSVILLE, et al., ) **JURY DEMAND**
)
    Defendants. )
)

## MEMORANDUM

Currently pending before the Court are Motions to Dismiss filed by Defendants City of Cornersville (the "City") and Defendants Bone, Brandon, and Davis (the "Individual Defendants"). (Docket Entries 34-36).[1] Plaintiff has filed Responses to both Motions. (Docket Entries 37-40). The Individual Defendants have filed a Reply. (Docket Entry 43). For the reasons set forth below, Defendants' Motions are **GRANTED** and this action is **DISMISSED**.

### I. INTRODUCTION AND BACKGROUND

Plaintiff filed his lawsuit pursuant to 42 U.S.C. §§ 1983 and 1988 on August 9, 2010, alleging Defendants violated his rights under the First and Fourteenth Amendments to the United States Constitution. Plaintiff was employed as a patrolman with the Cornersville Police Department in Marshall County, Tennessee from September 2008 until 2009. Plaintiff claims the Cornersville Police Department has an unwritten policy placing a premium on writing speeding

---

[1] Both Motions rely upon the same memorandum of law for support. (Docket Entry 35).

citations over enforcing criminal laws, to the point that officers must write a prescribed number of citations. Plaintiff alleges that he was counseled for not writing at least five tickets per shift.

Plaintiff claims that, on April 21, 2009, Chief Todd Bone and City Administrator Taylor Brandon counseled Plaintiff for excessive absenteeism between January and April 2009. Plaintiff states he had been absent approximately five times, and all had been approved by Chief Bone. Plaintiff believes that this was a pretense to discipline him for being vocal about the five ticket quota.

Plaintiff was placed on administrative leave without explanation approximately one week before June 19, 2009, and he was required to surrender his patrol car, gun, gun belt, and related police officer paraphernalia. Plaintiff complained to Mayor Amos Davis about his suspension. After a City Council meeting, the Council unanimously voted to allow Plaintiff to come back to work, on probation. Plaintiff claims Mayor Davis told him to "look the other way" if he saw anyone, including other police officers, committing criminal offenses, and Mayor Davis told Plaintiff he would fire him if he told anyone about the conversation. Plaintiff alleges he then requested a copy of his personnel file and to speak with the City Council.

On June 19, 2009, Plaintiff claims he reported to City Hall and was informed by Defendants that he no longer had a job. Plaintiff further claims Cornersville officials have given him bad recommendations since his allegedly unlawful termination.

In his Response to the Motions to Dismiss, Plaintiff states that he was not allowed to address his grievances or discuss his employment with the City Council and that the City Council violated Tennessee's Open Meetings Act, Tenn. Code Ann. §§ 8-44-101 *et seq*.

Therefore, his dismissal was not legal until it was readdressed and reaffirmed by the Mayor and Board of Aldermen on November 5, 2009.

## II.  LEGAL DISCUSSION

An action may be dismissed if the complaint fails to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  In deciding a Rule 12(b)(6) motion, a district court must view the complaint in the light most favorable to the plaintiff and take all well-pleaded factual allegations as true, as the moving party has the burden of proving that no claim exists.  *Erickson v. Pardus*, 550 U.S. 89 (2007).  Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief.  Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  However, although a complaint is to be liberally construed, the District Court need not accept a "bare assertion or legal conclusions."  *Id.  See also Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009).  In other words, a court is not required to accept as true a "legal conclusion couched as a factual allegation."  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  When viewing the complaint under the above standards, to survive a motion to dismiss, a complaint must contain (1) "enough facts to state a claim to relief that is plausible," (2) more than "a formulaic recitation of a cause of action's elements," and (3) allegations that suggest a "right to relief above a speculative level."  *Twombly*, 550 U.S. at 555-56.

Defendants claim Plaintiff's lawsuit is barred by the statute of limitations. It is well-settled that the lawsuit for actions pursuant to 42 U.S.C. § 1983 in Tennessee federal courts is one year. Tenn. Code Ann. § 28-3-104(a)(3).  *See also Griffin v. Eidson*, 22 F.App'x 393, 395

(6th Cir. 2001). Defendants argue that Plaintiff's claim accrued no later than June 19, 2009, when he was informed his employment had been terminated. Plaintiff filed his Complaint on August 9, 2010, and the Defendants were served on August 24, 2010. If Plaintiff's claim accrued on June 19, 2009, this action is clearly untimely.

Plaintiff argues that his claim accrued on November 5, 2009, when the Mayor and Board of Aldermen met and readdressed and reaffirmed his dismissal in accordance with Tennessee's Open Meetings Act, Tenn. Code Ann. §§ 8-44-101 *et seq*. Under the Open Meetings Act, "[a]ll meetings of any governing body are declared to be public meetings open to the public at all times, except as provided by the Constitution of Tennessee," and "[a]ny action taken at a meeting in violation of this part shall be void and of no effect." Tenn. Code Ann. §§ 8-44-102(a), 8-44-105. Thus, Plaintiff's argument is essentially that his claim did not accrue until his dismissal became permanent and legal, on November 5, 2009.

The Court agrees with Defendants that Plaintiff's claims accrued on the date he was dismissed, June 19, 2009. Plaintiff's claim is based on his termination and denial of a hearing prior to the termination. Both events occurred on June 19, 2009, according to the Complaint, and this is when Plaintiff's claims accrued. *See Griffin*, 22 F.App'x at 395 ("A statute of limitations begins to run when the plaintiff knows or has reason to know of the injury that is the basis of his action."). While Plaintiff's firing may not have been legal on June 19, 2009 under Tennessee's Open Meetings Act, it is clear that Plaintiff believed on that date that his discharge was permanent. In fact, Plaintiff's Complaint contains no indication that his termination on June 19, 2009 was illegal and void under the Open Meetings Act, and Plaintiff makes no mention of the November 5, 2009 meeting in his Complaint. The acts complained of by Plaintiff were

5

completed on June 19, 2009; he was fired and was denied the chance to be heard on that date. Plaintiff does not allege that he was denied due process after that date. *Cf. Kelly v. Burks*, 415 F.3d 558 (6th Cir. 2005) (holding that Plaintiff's claims regarding denial of due process accrued when his name-clearing hearing was denied, not when he was terminated). Taking the allegations in Plaintiff's Complaint as true, it is clear that he was aware of the due process violation and employment termination on June 19, 2009, and his action is therefore untimely.

To the extent that Plaintiff alleges concurrent state law claims, the Court declines to exercise supplemental jurisdiction over those claims. *See* 28 U.S.C. § 1367. Plaintiff has filed a concurrent state lawsuit, and the Court will not litigate the same set of facts in two courts. Plaintiff's state law claims are therefore dismissed without prejudice.

### III.  CONCLUSION

For the reasons stated above, Defendants' Motions to Dismiss are **GRANTED**. Plaintiff's

lawsuit is untimely and is **DISMISSED**. Plaintiff's state law claims are dismissed without prejudice.

Entered this  8th day of September, 2011.

/S/ Joe B. Brown

JOE B. BROWN
United States Magistrate Judge

6